**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| ENVISTACOM, LLC, ) | Case No. 23-52696-jwc |
| ) | |
| Alleged Debtor. ) | **Related to Docket No. 11** |
| ) | |

**MOTION OF ENVISTACOM, LLC FOR ENTRY OF AN ORDER AUTHORIZING THE FILING UNDER SEAL OF MOTION FOR DISMISSAL OF, OR ALTERNATIVELY FOR ABSTENTION FROM, INVOLUNTARY PETITION PURSUANT TO 11 U.S.C. § 305(a)**

Envistacom, LLC ("Envistacom" or the "Company"), by and through its undersigned counsel, hereby moves (this "Motion") for entry of an order authorizing Envistacom to file under seal Exhibit C and certain references made thereto in the *Motion of Envistacom, LLC for Dismissal of, or Alternatively for Abstention From, Involuntary Petition Pursuant to 11 U.S.C. § 305(a)* [Docket No. 11] (the "Motion to Dismiss"),[1] filed contemporaneously herewith. In support of the Motion, Envistacom respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion to Dismiss.

Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 5005-6(b)(5) and 9013-4 of the Local Rules for the United States Bankruptcy Court for the Northern District of Georgia (the "Local Rules").

## BACKGROUND

3. On February 28, 2023, Envistacom and the Assignee executed that certain *Deed of Assignment* (the "Deed of Assignment"), filed the same day with the clerk of the Superior Court in Gwinnett County, Georgia, and served a letter on all of Envistacom's creditors informing them of the commencement of Envistacom's assignment for the benefit of its creditors (the "ABC Proceeding"). The filing of the Deed of Assignment commenced the ABC Proceeding and assigned for the purpose of liquidation, all of Envistacom's right, title, and interest in all of its assets to Asset Recovery Associates Envistacom, LLC, a Georgia limited liability company (the "Assignee") managed by Katie S. Goodman ("Ms. Goodman"), the managing partner of GGG Partners, LLC in Atlanta, Georgia.

4. On March 21, 2023 (the "Petition Date"), five of Envistacom's alleged creditors, including MAG DS Corp., Amentum Services, Inc., SteelGate LLC, Momentum Decisive Solutions USA, Inc., and L3 Technologies, Inc. (collectively, the "Petitioning Creditors"), filed an involuntary bankruptcy petition against Envistacom (the "Involuntary Petition") [Docket No. 1], thereby commencing the above-captioned involuntary chapter 7 proceeding (the "Involuntary Case").

5. On March 22, 2023, the Petitioning Creditors issued the *Summons to Debtor in Involuntary Case* [Docket No. 3]. According to the accompanying docket entry, the deadline for Envistacom to answer the Involuntary Petition is April 17, 2023. *See* Docket No. 3.

6.  Concurrently with the filing of this Motion, Envistacom filed the Motion to Dismiss, which attaches as Exhibit C a copy of a confidential letter of intent (the "Letter of Intent") received from one of Envistacom's creditors (the "LOI Creditor") seeking to novate one of Envistacom's primary contracts. Pursuant to the Letter of Intent, its terms must be kept confidential and therefore, the Letter of Intent, as well as references made thereto in the Motion to Dismiss, must be filed under seal to protect against disclosure of certain confidential commercial information set forth therein.

7.  Prior to filing the Motion and Motion to Dismiss on April 11, 2023, undersigned counsel informed counsel to the LOI Creditor of both filings as well as the inclusion of the Letter of Intent in the Motion Dismiss and requested the LOI Creditor's consent to the disclosure of the terms of the Letter of Intent. As of this filing, counsel to the LOI Creditor has yet to respond to this request, necessitating the filing of the Motion.

## RELIEF REQUESTED

8.  By this Motion, Envistacom seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) authorizing Envistacom to file the Letter of Intent under seal as Exhibit C to the Motion to Dismiss; (b) granting Envistacom leave to redact and file partially under seal certain references to the Letter of Intent in the Motion to Dismiss; and (c) ordering that the Letter of Intent and the references made thereto in the Motion to Dismiss (i) shall remain under seal until further order of the Court, (ii) shall be made available only to the Court, and (iii) shall not otherwise be made available to the general public.

## BASIS FOR RELIEF REQUESTED

9.  Under Bankruptcy Code section 105(a), the Court has inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

3

of this title." 11 U.S.C. § 105(a). Moreover, pursuant to Bankruptcy Code section 107(b)(1), the Court may authorize Envistacom to file the Letter of Intent under seal, as well as redact related references to the Letter of Intent contained in the Motion to Dismiss, by permitting the issuance of an order that protects entities from potential harm that may result from the disclosure of certain confidential information. *See* 11 U.S.C. § 107(b). Specifically, Bankruptcy Code section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1)   protect an entity with respect to a trade secret or confidential research, development, or commercial information . . .

11 U.S.C. § 107(b).

10. Bankruptcy Rule 9018 and Local Rule 5005-6(b)(5) set forth procedures by which a party may move for relief under Bankruptcy Code section 107(b). Bankruptcy Rule 9018 provides that on "motion or on its own initiative, **with or without notice**, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018 (emphasis added). The purpose of Bankruptcy Rule 9018 is "to protect business entities from disclosure of information that could reasonably be expected to cause the entity injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). Local Rule 5005-6(b)(5) provides that "[a] document that a person desires to file under seal may be prepared in paper form and submitted to the Bankruptcy Clerk" and "[t]he motion to file such document under seal must be filed electronically, if the filing party is required to file electronically." Bankr. L. R. 5005-6(b)(5).

11. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, Bankruptcy Code section 107(b) does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *In re Transbrasil S.A. Linhas Aereas*, 644 F. App'x 959, 962 (11th Cir. 2016) ("Section 107(b), however, does not require the bankruptcy court to find a compelling interest or even good cause."); *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) ("When Congress addressed the secrecy problem in section 107(b) of the Bankruptcy Code it imposed no requirement to show 'good cause' as a condition to sealing confidential commercial information."). Rather, if the material sought to be protected satisfies one of the categories identified in Bankruptcy Code section 107(b), "the court is *required* to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27 (emphasis in original); *In re Transbrasil S.A. Linhas Aereas*, 644 F. App'x at 962 ("[U]pon determining that a movant has identified information that qualifies for protection under section 107(b), the bankruptcy court *shall* protect the information.") (emphasis in original); *In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court must grant the requested relief (or such other relief that protects the moving party)."); *In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest.") (emphasis in original).

12. Significantly, commercial information need not rise to the level of a trade secret to be entitled to protection. *See Altegrity*, 2015 WL 10963572, at *3; *see also Orion*, 21 F.3d at 28 (finding that the use of the disjunctive in Bankruptcy Code section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of

5

confidentiality as the former"). Nor is the term "commercial information" limited to information that will give an entity's competitors an unfair advantage. *See In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011). Indeed, "the term includes situations where a bankruptcy court may reasonably determine that allowing [] disclosure would have a chilling effect on business negotiations, ultimately affecting the viability of Debtors." *Id.* (internal quotation marks omitted). Instead, a party seeking the protection of Bankruptcy Code section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Orion*, 21 F.3d at 28; *see also Altegrity*, 2015 WL 10963572, at *3; *In re Transbrasil S.A. Linhas Aereas*, 644 F. App'x at 962 ("'Confidential' is an adjective at the beginning of the series and appears to apply to all three items in the list. Had Congress intended to limit research and development to commercial research and development, it could have done so by moving the word 'commercial' next to the word 'confidential'. The plain language of the statute does not limit subsection (b)(1) to commercial information. . .").

13. Envistacom submits that the Letter of Intent, as well as the references thereto in the Motion to Dismiss, are protectable under Bankruptcy Code section 107(b) and Bankruptcy Rule 9018 because the Letter of Intent contains confidential and commercially sensitive information pertaining to the terms of a proposed novation of one of Envistacom's contracts by the LOI Creditor. Not only did Envistacom agree to keep such terms confidential, but its ability to engage in similar contract novations on a go-forward basis could be adversely impacted if the terms of the Letter of Intent are disclosed to the public. Thus, granting the requested relief is appropriate and necessary to protect such information. Moreover, the relief that Envistacom is requesting herein is narrowly tailored to safeguard only the information that is entitled to protection from disclosure pursuant to Bankruptcy Code section 107(b) and Bankruptcy Rule 9018.

## RESERVATION OF RIGHTS

14. Nothing in the Motion should be construed as (a) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on Envistacom's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (b) a promise or requirement to pay any claim or other obligation; (c) granting third-party-beneficiary status, bestowing any additional rights on any third party, or being otherwise enforceable by any third party; or (d) a waiver of Envistacom's right to convert the Involuntary Case to a voluntary chapter 11 proceeding.

## NOTICE

15. Envistacom will provide notice of the Motion to: (a) counsel to the Petitioning Creditors and (b) all parties entitled to notice pursuant to Bankruptcy Rule 2002. Envistacom submits that no other or further notice is required.

## NO PRIOR REQUEST

16. No previous request for the relief sought herein has been made to this or any other court by Envistacom.

*[Remainder of page intentionally left blank]*

WHEREFORE, Envistacom respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing Envistacom to file the Letter of Intent under seal as Exhibit C to the Motion to Dismiss; (ii) granting Envistacom leave to redact and file partially under seal certain references to the Letter of Intent in the Motion to Dismiss; (iii) ordering that the Letter of Intent and the references made thereto in the Motion to Dismiss (a) shall remain under seal until further order of the Court, (b) shall be made available only to the Court, and (c) shall not otherwise be made available to the general public; and (iv) granting Envistacom such other and further relief as is just and appropriate.

Dated: Atlanta, Georgia
April 11, 2023

**MCDERMOTT WILL & EMERY LLP**

*/s/ Daniel M. Simon*
Daniel M. Simon (Georgia Bar No. 690075)
1180 Peachtree St. NE, Suite 3350
Atlanta, Georgia 30309
Telephone:     (404) 260-8535
Facsimile:      (404) 393-5260
Email:             dmsimon@mwe.com

- and -

Emily C. Keil (*pro hac vice* to be filed)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:     (312) 372-2000
Facsimile:      (312) 984-7700
Email:             ekeil@mwe.com

*Counsel for Envistacom, LLC*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| ENVISTACOM, LLC, | ) | Case No. 23-52696-jwc |
|  | ) |  |
| Alleged Debtor. | ) | **Related to Docket Nos. 11, ___** |
|  | ) |  |

**ORDER AUTHORIZING THE FILING UNDER SEAL OF MOTION FOR
DISMISSAL OF, OR ALTERNATIVELY FOR ABSTENTION FROM,
INVOLUNTARY PETITION PURSUANT TO 11 U.S.C. § 305(a)**

Upon consideration of the motion (the "Motion")[1] of Envistacom, LLC ("Envistacom") in the above-captioned involuntary bankruptcy case (the "Involuntary Case") for entry of an order authorizing the filing under seal of Exhibit C to the *Motion of Envistacom, LLC for Dismissal of, or Alternatively for Abstention from, Involuntary Petition Pursuant to 11 U.S.C. § 305(a)* [Docket No. 11] (the "Motion to Dismiss"), as well as certain references made thereto in the Motion to Dismiss; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b), the Motion being a core matter pursuant to 28 U.S.C. § 157(b)(2), and the Court being able

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

to enter a final order consistent with Article III of the United States Constitution; the Court having found that notice of the Motion was appropriate; and, it appearing that the relief requested in the Motion is in the best interests of Envistacom, Envistacom's estate, and Envistacom's creditors, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation thereon, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED.

2. Envistacom is authorized to file the Letter of Intent and the references made thereto in the Motion to Dismiss under seal.

3. The Letter of Intent and references made thereto in the Motion to Dismiss shall remain under seal until further order of this Court, and shall not be made available to anyone, except that copies shall be provided to the Court.

4. Envistacom is authorized to take all actions necessary to implement the relief granted in this Order.

5. The Court shall retain jurisdiction over all matters involving the interpretation or enforcement of this Order.

END OF DOCUMENT

Prepared and presented by:

/s/ *Daniel M. Simon*
Daniel M. Simon (Georgia Bar No. 690075)
**MCDERMOTT WILL & EMERY LLP**
1180 Peachtree Street NE, Suite 3350
Atlanta, Georgia 30309
Telephone:	(404) 260-8535
Facsimile:	(404) 393-5260
Email:		dmsimon@mwe.com

- and -

Emily C. Keil (*pro hac vice* to be filed)
**MCDERMOTT WILL & EMERY LLP**
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:	(312) 372-2000
Facsimile:	(312) 984-7700
Email:		ekeil@mwe.com

*Counsel for Envistacom, LLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2023, the foregoing *Motion of Envistacom, LLC for Entry of an Order Authorizing the Filing Under Seal of Motion for Dismissal of, or Alternatively for Abstention from, Involuntary Petition Pursuant to 11 U.S.C. § 305(a)* was served upon all parties that are registered or otherwise entitled to receive electronic notices via the CM/ECF system for the United States Bankruptcy Court for the Northern District of Georgia in the foregoing proceeding, including the parties listed below.

Dated: Atlanta, Georgia
April 11, 2023

**MCDERMOTT WILL & EMERY LLP**

/s/ *Daniel M. Simon*
Daniel M. Simon (Georgia Bar No. 690075)
1180 Peachtree St. NE, Suite 3350
Atlanta, Georgia 30309
Telephone:    (404) 260-8535
Facsimile:    (404) 393-5260
Email:    dmsimon@mwe.com

*Counsel for Envistacom, LLC*

Matthew W. Levin
Scroggins & Williamson, P.C.
4401 Riverside Parkway
Suite 450
Atlanta, Georgia 30327
E-mail: mlevin@swlawfirm.com

**VIA ECF**

Eric W. Anderson
Matthew G. Roberts
Parker, Hudson, Rainer & Dobbs LLP
303 Peachtree St. NE
Suite 3600
Atlanta, Georgia 30308
E-mail: eanderson@phrd.com
    mroberts@phrd.com

**VIA ECF**

Henry F. Sewell
Law Offices of Henry F. Sewell, Jr., LLC
2964 Peachtree Road
Suite 555
Atlanta, Georgia 30305
E-mail: hsewell@sewellfirm.com

**VIA ECF**

Heather D. Brown
Brown Law, LLC
138 Bulloch Avenue
Roswell, Georgia 30075
E-mail: heather@hdbrownlaw.com

**VIA ECF**